IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 29 PM 3: 17

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

```
                                 X
                                 X
JERRY L. BILLINGSLEY,            X
                                 X
         Plaintiff,              X
                                 X
vs.                              X        No. 05-2005-Ma/P
                                 X
SHELBY COUNTY, et al.,           X
                                 X
         Defendants.             X
                                 X
```

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT

On January 4, 2005, plaintiff, Jerry L. Billingsley, filed a pro se complaint alleging violation of his civil rights under 42 U.S.C. § 1983 along with motions to proceed in forma pauperis under 28 U.S.C. § 1915(a) and for appointment of counsel. The motion to proceed in forma pauperis is granted. The Clerk of Court is directed to file the complaint.

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___9 - 30 -05___

4

appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.")  Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim.  See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

Billingsley has not yet filed a complaint which complies with the Federal Rules of Civil Procedure and the Local Rules of Court. The Court cannot yet determine if appointment of counsel is warranted.  Accordingly, the motion for appointment of counsel is denied.

Billingsley is a resident of Memphis, Tennessee who was incarcerated at the Shelby County Jail from January 5, 2004, until January 29, 2004.  He has filed a complaint and an amended complaint, which consist of two separate narratives. The complaint and amended complaint contain unnumbered paragraphs with factual

allegations and names of officers who are not listed as defendants in the caption of the complaint. Additionally, plaintiff's "complaint" contains two listings of officers "involved" with no underlying factual allegations of action by those officers. Those officers are not listed as defendants in the caption of either complaint. As drafted, the complaint presents great difficulty for the Clerk in ascertaining which listed officers are parties to be served. Likewise, the defendants will encounter problems in framing responses to the complaint because determining which paragraph, if any, contains factual allegations about which defendant is practically impossible.

Fed. R. Civ. P. 10(b), provides as follows:

All averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever the separation facilitates the clear presentation of the matters set forth.

See also Fed. R. Civ. P. 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct."). Federal Rule of Civil Procedure 8(a) specifies that a pleading which sets forth a claim for relief:

shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

3

See <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 149 (1984).

Plaintiff has failed to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, the Court ORDERS plaintiff to file a second amended complaint which contains all parties, addresses, facts, allegations, and prayers for relief. Plaintiff is ORDERED to obtain the district court's form complaint for alleging violations under 42 U.S.C. § 1983. Plaintiff shall list all parties to the complaint, along with addresses for service, using additional sheets of paper as necessary. Plaintiff is ORDERED to amend his complaint to state a specific factual basis for each claim against any defendant listed, including dates and places and describing how each defendant is involved. Mere opinions or conclusory allegations will not be considered to state a cause of action. Plaintiff may use additional typed or hand-printed 8 ½ by 11 inch paper, one side to a sheet. The paragraphs must be numbered. The plaintiff must personally sign the amendment.

Plaintiff must familiarize himself with the Federal Rules of Civil Procedure so that the amended complaint and any further pleadings comply with those rules. Rule 7(b)(2) and Rule 10(a) require all documents filed with the court to contain a caption.

Plaintiff must file the amended complaint within twenty (20) days of the docketing of this order. A failure to timely comply

4

with any requirement of this order will result in the dismissal of the complaint. The plaintiff must also keep this Court informed of his current address. If plaintiff fails to inform the Court of a change of address, he will not be excused for failing to comply with the Court's orders and deadlines because an order was delayed or not delivered.

IT IS SO ORDERED this 29 ᵞ day of September, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02005 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

---

Jerry L. Billingsley
1670 Alta Vista
Memphis, TN 38127

Honorable Samuel Mays
US DISTRICT COURT